UNITED STATES DISTRICT COURT
NORTHEN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CELINA MUTUAL INSURANCE COMPANY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 3:24-cv-00067-DRL-MGG |
| | ) |
| TERRY LEONARD, by his guardian, | ) |
| JACQUELINE BONDS, | ) |
| OLIVE ONE STOP SHOP INC. d/b/a | ) |
| GOLO and OLIVE FOOD MART, INC. | ) |
| | ) |
| Defendants. | ) |

**CELINA MUTUAL INSURANCE COMPANY'S
AMENDED COMPLAINT FOR DECLARTORY JUDGMENT**

Plaintiff, Celina Mutual Insurance Company ("Celina"), by counsel, for its Amended Complaint for Declaratory Judgment against Defendants, Terry Leonard, by his guardian Jacqueline Bonds, Olive One Stop Shop, Inc., d/b/a GoLo and Olive Food Mart, Inc., states:

**JURISDICTION AND VENUE**

1.    This is a civil action for declaratory and other relief brought pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 to determine a controversy between Plaintiff Celina and Defendants, arising out of an insurance contract.

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this action involves citizens of different states and the amount in controversy, without interest and costs, exceeds the value specified by 28 U.S.C. § 1332 ($75,000).

3.    Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because the Court has personal jurisdiction over Defendants, Terry Leonard and Jacqueline Bonds, whose residences are in this district.

4.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because the events or omissions giving rise to this lawsuit occurred in this district.

## PARTIES

5.      Plaintiff Celina is a corporation subject to Ohio's corporation laws and incorporated under the laws of the State of Ohio with its principal place of business in Celina, Mercer County, Ohio.  Ohio Rev. Code Ann. § 3941.01 et seq. and primarily Ohio Rev. Code Ann. § 3941.26. Thus, pursuant to 28 U.S.C. § 1332(c)(1), Celina is a citizen of the State of Ohio.

6.      Defendant Terry Leonard is a citizen of Indiana.

7.      Defendant Jacqueline Bonds is a citizen of Indiana.

8.      Olive One Stop Shop Inc. d/b/a GoLo is an administratively dissolved Indiana corporation.  It is no longer a party to the Lawsuit described below and the claims against it have been resolved by the entry of final judgment.

9.      Olive Food Mart, Inc. is an administratively dissolved Indiana corporation.  But for diversity purposes, it is a citizen of Indiana.

## BACKGROUND

10.      Celina issued a Businessowners Policy No. 7286298-0 with a policy period of June 14, 2019 through June 14, 2020 to Olive Food Mart, Inc. d/b/a as Go Lo ("the Celina Policy").  A true and accurate copy of the Celina Policy is attached as Exhibit 1.

11.      On or about October 19, 2021, Terry A. Leonard, by his Guardian Jacqueline Bonds, filed an Amended Complaint against Olive One Stop Shop, Inc. d/b/a GoLo and Olive Food Mart, Inc. under cause no. 71D04-2103-CT-000092 in the St. Joseph County, Indiana Superior Court ("the Lawsuit").  A true and accurate copy of the Amended Complaint in the Lawsuit is attached as Exhibit 2.

12.     The Lawsuit alleges that on April 11, 2020, Terry A. Leonard was an invitee at the GoLo located at 421 North Olive Street, South Bend, Indiana Exhibit 2 at ¶ 1.

13.     The Lawsuit further alleges that Terry A. Leonard was on the premises of the Defendant, GoLo, when Terry Leonard was recklessly and carelessly struck in the head by an unknown assailant in a drive-by shooting.  Exhibit 2 at ¶ 2.

14.     The Lawsuit further alleges that Olive One Stop Shop, Inc. and/or Olive Food Mart, Inc., by its employees and/or agents failed to use reasonable care to provide adequate supervision and a safe environment for its invitees.  Exhibit 2 at ¶  4.

15.     The Lawsuit further alleges that as a direct and proximate result of Olive One Stop Shop, Inc. and/or Olive Food Mart, Inc.'s negligence, Terry A. Leonard suffered injuries and damages.  Exhibit 2 at ¶ 5.

16.     On December 15, 2021, Olive One Stop Shop, Inc. d/b/a GoLo and Olive Food Mart, Inc., by counsel, filed its Answer and Affirmative Defenses.  A true and accurate copy of the Answer in the Lawsuit is attached as Exhibit 3.

17.     A Motion for Consent Judgment was filed in the Lawsuit and on May 15, 2023, the Court issued its Judgment in the amount of $2,500,000.00 against Olive Food Mart, Inc. only and ordered the clerk to enter final judgment.  A true and accurate copy of the Judgment in the Lawsuit is attached as Exhibit 4.

18.     On June 12, 2023, Terry Leonard and Jacqueline Bonds filed a Proceedings Supplementary in the Lawsuit and named Celina as a Garnishee-Defendant.  A true and accurate copy of the Proceeding Supplementary in the Lawsuit is attached as Exhibit 5.

19.     On or about June 23, 2023, Celina was notified that it was named as a Garnishee-Defendant.  This was Celina's first notice of the Lawsuit or the claims against its insured.

20.     On June 30, 2023, Celina, by counsel, filed its Notice of Removal of the Proceeding Supplementary in the Lawsuit.    A true and accurate copy of the Notice of Removal is attached as Exhibit 6.

21.     On July 11, 2023, Celina issued a denial letter to Olive Food Mart, Inc.  A true an accurate copy of the denial letter is attached hereto as Exhibit 7.

22.     On October 23, 2023, Celina filed its Motion to Dismiss under Case No. 3:23-cv-619-DRL-MGG.  A true and accurate copy of the Motion to Dismiss is attached as Exhibit 8.

23.     On November 7, 2023, this Court denied Celina's Motion to Dismiss.  A true and accurate copy of the November 7, 2023 Order is attached as Exhibit 9.

24.     On December 7, 2023, this Court issued an Order accepting jurisdiction and granting the Motion for Proceeding Supplementary.  The Court ordered Celina, by its authorized representatives, to appear in person on January 24, 2024 to answer as to Olive Food's nonexempt property subject to proceedings supplemental.  A true and accurate copy of the December 9, 2023 Order is attached as Exhibit 10.

25.     There exists a present and existing controversy concerning coverage under the Celina Policy for the claims against Olive Food Mart, Inc. in the Lawsuit and Celina's obligations as it relates to the Judgment against Olive Food Mart Inc.

26.     Celina has named all parties to the Lawsuit so that they may answer to their interests, and so that they will be bound by any determination made by the Court on Celina's Complaint for Declaratory Judgment.

### COUNT I- NO POLICY IN EFFECT

27.     Celina incorporates its allegations contained in paragraphs 1-26 as if fully set forth herein.

28.     On December 19, 2019, Celina issued to Olive Food Mart Inc. a Notice of Cancellation related to the Celina Policy indicating that the Policy would cancel effective December 31, 2019 at 12:01 A.M. Standard Time.    A true and accurate copy of the Notice of Cancellation is attached as <u>Exhibit 11</u>.

29.     The Celina Policy canceled December 31, 2019 at 12:01 A.M. Standard Time.

30.     After the Celina Policy canceled, Celina issued its Termination Notice to Olive Food Mart Inc.  A true and accurate copy of the Termination Notice is attached as <u>Exhibit 12</u>.

31.     The Celina Policy was not in effect on the date of the incident, April 11, 2020, alleged in the Amended Complaint.

32.     Celina seeks a judicial declaration that it owes no coverage for the claims against Olive Food Mart, Inc., in the Lawsuit under the Celina Policy and has no obligation to pay the Judgment against Olive Food Mart, Inc. because there was no policy in effect on the date of the loss.

## COUNT II – LATE NOTICE

33.     Celina incorporates its allegations contained in paragraphs 1- 32 as if fully set forth herein.

34.     The Celina Policy states in relevant part:

**SECTION II – LIABILITY**

**\*\*\***

**E. Liability and Medical Expenses General Conditions**

**\*\*\***

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

   **(1)** How, when and where the "occurrence" or offense took place;

   **(2)** The names and addresses of any injured persons and witnesses; and

   **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

   **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

   **(2)** Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

   **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

   **(2)** Authorize us to obtain records and other information;

   **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

   **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

35.    Celina's first notice of the Lawsuit and/or the claims against its insured was the Garnishee-Defendant notice it received on or about June 23, 2023. This constitutes late notice pursuant to the Celina Policy.

36.    Celina has been prejudiced by the late notice in this matter.

37.    Celina seeks a judicial declaration that to the extent the Celina Policy was in effect on the date of the loss, Celina owes no coverage for the claims against Olive Food Mart, Inc., in the Lawsuit under the Celina Policy and has no obligation to pay the Judgment against Olive Food Mart, Inc. because of late notice.

6

## <u>COUNT III – OTHER TERMS</u>

38.     Celina incorporates its allegations contained in paragraphs 1- 37 as if fully set forth herein.

39.     Celina seeks a judicial declaration that there is no coverage under the Celina Policy for the claims alleged against Olive Food Mart Inc. in the Lawsuit under any other terms, conditions, exclusions, limitations, and endorsements of the Celina Policy that may apply.

WHEREFORE, Plaintiff, Celina Mutual Insurance Company, respectfully requests that the Court issue a judgment determining and declaring:

a.      There is no coverage under the Celina Policy for any claims against Olive Food Mart Inc. arising out of the allegations in the Lawsuit.

b.      Celina is relieved from any obligation to pay the judgment against Olive Food Mart Inc. in the Lawsuit.

c.      all other appropriate relief.

Dated: April 3, 2024

Respectfully submitted,

 /s/ Anna M. Mallon
Anna M. Mallon #23693-49
DREWRY SIMMONS VORNEHM, LLP
736 Hanover Place, Suite 200
Carmel, IN 46032
Phone: (317) 580-4848
Fax: (317) 580-4855
Amallon@dsvlaw.com

*Attorney for Plaintiff, Celina Mutual Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on April 3, 2024, the foregoing was filed electronically via this Court's E-Filing System.  Notice of this filing was also provided to the following counsel of record via the E-Filing System:

Daniel H Pfeifer
**PFEIFER MORGAN & STESIAK**
53600 N Ironwood Drive
South Bend, IN 46635
dpfeifer@pilawyers.com

*Attorney for Defendants, Terry Leonard,*
*by his guardian, Jacqueline Bonds,*


         */s/ Anna Mallon*
         Anna M. Mallon, Atty. No. 23693-49